**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

PATRICIA A. WIGGINS,                                           :

     Plaintiff,                                                 :

v.                                                                    :             CA 11-00565-C

MICHAEL J. ASTRUE,
Commissioner of Social Security,                       :

     Defendant.                                              :

<u>**MEMORANDUM OPINION AND ORDER**</u>

The plaintiff brings this action, pursuant to 42 U.S.C. § 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying her application for Supplemental Security Income ("SSI").   The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court.   (*See* Doc. 23 ("In accordance with provisions of 28 U.S.C. 636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings in this case, including . . . order the entry of a final judgment, and conduct all post-judgment proceedings.").)   Upon consideration of the administrative record ("R.") (Doc. 13), the plaintiff's brief (Doc. 14; *see also* Doc. 15), and the Commissioner's brief (Doc. 20),[1] it is determined that the Commissioner's decision denying the plaintiff benefits should be **affirmed**.[2]

---

[1]    The plaintiff filed an unopposed motion to waive oral argument (Doc. 21), which the Court granted in part and denied in part (*see* Doc. 24).

[2]    Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals.   (*See* Doc. 23 ("An appeal from a judgment entered by a Magistrate Judge shall be taken directly to the United States Court of Appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.").)

## Procedural Background

On September 11, 2009, the plaintiff filed an application for SSI (R. 175-179), alleging disability beginning August 19, 2009, due to fibromyalgia, arthritis, irritable bowel syndrome, depression, and anxiety (*see* R. 193).[3]   Her application was initially denied on November 12, 2009.   (*See* R. 117-121.)   A hearing was then conducted before an Administrative Law Judge on January 5, 2011 (*see* R. 72-92).   On March 11, 2011, the ALJ issued a decision finding that the claimant was not disabled (R. 10-29), and the plaintiff sought review from the Appeals Council (*see* R. 7).   The Appeals Council issued its decision declining to review the ALJ's determination on August 8, 2011 (*see* R. 1-4)—making the ALJ's determination the Commissioner's final decision for purposes of judicial review, *see* 20 C.F.R. § 404.981—and a complaint was filed in this Court on October 3, 2011 (*see* Doc. 1).

## Standard of Review and Claim on Appeal

In all Social Security cases, the plaintiff bears the burden of proving that he or she is unable to perform his or her previous work.   *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986).   In evaluating whether the plaintiff has met this burden, the examiner must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the plaintiff's age, education, and work history.   *Id.*   Once the plaintiff meets this burden, it becomes the Commissioner's burden to prove that the plaintiff is capable—given his

---

[3]     The plaintiff previously filed an application for disability benefits that was denied after her request for review was denied by the Appeals Council and not appealed further.   (*See* R. 188-191.)   In this matter, the plaintiff initially alleged an onset date of June 24, 2004 (*see* R. 175), but subsequently amended that date, through counsel, to August 19, 2009 (*see* R. 76).

or her age, education, and work history—of engaging in another kind of substantial gainful employment that exists in the national economy.   *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985).   Although at the fourth step "the [plaintiff] bears the burden of demonstrating the inability to return to [his or] her past relevant work, the Commissioner of Social Security has an obligation to develop a full and fair record." *Shnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987) (citations omitted).

The task for this Court is to determine whether the ALJ's decision to deny plaintiff benefits is supported by substantial evidence.   Substantial evidence is defined as more than a scintilla, and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.   *Richardson v. Perales*, 402 U.S. 389, 401 (1971).   "In determining whether substantial evidence exists, [a court] must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision."   *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Courts are precluded, however, from "deciding the facts anew or re-weighing the evidence."   *Davison v. Astrue*, 370 Fed. App'x 995, 996 (11th Cir. Apr. 1, 2010) (per curiam) (citing *Dyer v. Bernhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)).   And, "[e]ven if the evidence preponderates against the Commissioner's findings, [a court] must affirm if the decision reached is supported by substantial evidence."   *Id.* (citing *Crawford v. Commissioner of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004)).

On appeal to this Court, the plaintiff asserts two grounds for why the Commissioner's decision should be reversed: (1) the ALJ failed to give proper weight to the opinion of Dr. Cranton, the plaintiff's treating psychiatrist; and (2) the ALJ failed to properly consider the effects of the plaintiff's fibromyalgia and chronic pain syndrome.

3

## Discussion

A.     The ALJ properly considered the mental RFC completed by the plaintiff's
         <u>treating psychiatrist.</u>

The Court must first determine whether the reasons articulated by the ALJ for
not giving controlling weight to the opinion of Dr. Cranton, a treating source, are
supported by substantial evidence.   *See, e.g., Thomas v. Astrue*, No. CA 11–0406–C, 2012
WL 1145211, at *9 (S.D. Ala. Apr. 5, 2012) ("Because the undersigned finds that the ALJ
did not explicitly articulate an adequate reason, supported by substantial evidence, for
rejecting a portion of [the treating physician's] PCE assessment, this Court must
necessarily find that the ALJ's [residual functional capacity ("RFC")] determination is
not supported by substantial evidence.").   A finding that the ALJ failed to articulate
reasons, supported by substantial evidence, for rejecting a treating source's opinion
necessitates remand.

As to treating sources, one district court outside of this Circuit has said:

> In every case, a treating physician will have greater access to the medical
> records, and more familiarity with the patient and his condition than will
> an examining physician or a physician who merely reviewed the record
> evidence.   This is the reason for the treating physician rule whereby
> greater deference is usually accorded to the opinion of a treating physician
> than the opinion of a physician who has only examined the patient one
> time or the opinion of a physician who has merely reviewed the medical
> records.   This is the reason the courts require an ALJ to provide specific,
> legitimate reasons for discounting a treating physician's opinion.

*Vine v. Astrue*, Civil Action No. 09-2212-KHV-GBC, 2010 WL 2245079, at *11 (D. Kan.
May 11, 2010) (internal citations omitted), *report & recommendation adopted*, 2010 WL
2245076 (D. Kan. June 2, 2010).   And the law in this Circuit is that

> [t]he opinion of a treating physician "must be given substantial or
> considerable weight unless 'good cause' is shown to the contrary."   *Lewis
> v. Callahan*, 125 F.3d 1436, 1440 (11th Cir.1997).   Good cause is shown

4

> when the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004). Where the ALJ articulate[s] specific reasons for failing to give the opinion of a treating physician controlling weight, and those reasons are supported by substantial evidence, there is no reversible error. *Moore* [*v. Barnhart*], 405 F.3d [1208,] 1212 [(11th Cir. 2005)].

*Gilabert v. Commissioner of Soc. Sec.*, 396 Fed. App'x 652, 655 (11th Cir. Sept. 21, 2010) (per cuiam); *see also Phillips*, 357 F.3d at 1241 ("In sum, the ALJ articulated several reasons for giving less weight to the treating physician's opinion. Thus, this Court readily concludes that the ALJ's determination that [the treating physician's] opinion should be given little weight is supported by substantial evidence."). Put differently, "[i]f a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight." *Roth v. Astrue*, 249 Fed. App'x 167, 168 (11th Cir. Sept. 26, 2007) (per curiam) (citing 20 C.F.R. § 404.1527(d)(2)).

Here, the ALJ chose not to give controlling weight to the mental RFC assessment completed by Dr. Cranton on December 21, 2010, in which he found marked limitations in every area of functioning and concluded that the plaintiff "[i]s disabled to work." The ALJ's decision provides, specifically, that she

> does not give controlling weight to this opinion since it is inconsistent with Dr. Cranton's progress notes and the remainder of the mental health notes. Specifically, the remainder of the records from Southwest Alabama Mental Health indicate[] that the claimant reported she was doing better on medication and had no problems with her medication regimen. Additionally, the [ALJ] notes that the claimant's treating physician commented a noted improvement in the claimant's depressive symptoms with psychiatric treatment.

(R. 23.)

Thus, the ALJ found "good cause" to not give substantial or considerable weight to Dr. Cranton's mental RFC assessment because (1) the ALJ determined that it was inconsistent with Dr. Cranton's own "progress notes and the remainder of the mental health notes," and (2) the plaintiff's treating physician, Dr. Bhadkamkar, noted that she had improved with psychiatric treatment.   As explained below, the Court finds substantial evidence supports the ALJ's two articulated reasons.

On June 16, 2010, Dr. Bhadkamkar noted that the plaintiff "looks a little better to me after many years now that she has started seeing the psychiatrist who stated giving two medicines, names of which she doesn't know – one at night, one in the morning."[4] (R. 304; *but see* R. 301 (Dr. Bhadkamkar, on October 22, 2010, noted that the plaintiff "[p]ossibly [has] underlying major depression.   She never seems happy in the clinic.   I have seen her multiple times.").)   Dr. Bhadkamkar's June 16, 2010 comment coincides with Dr. Cranton's own June 17, 2010 note, in which he commented that the plaintiff "is sleeping better.   She is going to church[,] mentions no problems with her medication regimen," and "[h]er husband . . . confirms the improvement."   (R. 273; *see also* R. 272 (Dr. Cranton's July 20, 2010 Note, in which he indicates, "she is doing a little better but pain is a major problem"); *compare id., with* R. 271 (Dr. Cranton's Sept. 14, 2010 Note, in which he indicates, "no change or improvement in her condition") *and* R. 270 (Dr. Cranton's Oct. 12, 2010 Note, in which he indicates, "[h]er mood remains unchanged" but "[t]he plan is to re-write her a new prescription for Klonopin[,] . . . continue the

---

[4]      Based on the evidence in the record, the plaintiff's treating relationship with Dr. Bhadkamkar began no later than September, 2008.   (*See* R. 239.)

Effexor as prescribed[, and have her] return to see me in one month for re-evaluation").)
Dr. Cranton's October 12, 2010 Note and Dr. Bhadkamkar's October 22, 2010 Note are
the last medical evidence from treating sources in the record before Dr. Cranton's
mental RFC assessment.   And although neither note appears as positive as similar
notes from Summer, 2010, as the ALJ concluded, none of this medical evidence is
consistent with the level of impairment indicated in Dr. Cranton's RFC assessment.
*See Phillips*, 357 F.3d at 1241; *see, e.g., Jay v. Astrue*, Civil Action No. 2:09CV136–SRW,
2010 WL 2305470, at *6 (M.D. Ala. June 7, 2010) (in which the Court affirmed the ALJ's
decision to give less than controlling weight to the opinion of a treating psychiatrist,
"who opined that the claimant had mostly marked or extreme limitation[,]" because
such limitations were "not consistent with [the] medical evidence as a whole[,]" which
the ALJ set forth above this conclusion and included records from the treating
physician's own practice that "were inconsistent with the marked and extreme
limitations").

The Court, further, rejects the plaintiff's argument that the ALJ was required "to
re-contact Dr. Cranton for clarification or for additional information in regards to [the
plaintiff's] mental limitations while on her medications."   (Doc. 14 at 8 (citing 20 C.F.R.
§§ 404.1527(c)(3) & 416.927(c)(3)).)

> When the evidence from the treating physician does not contain all the
> necessary information the ALJ is directed to seek additional evidence or
> clarification before finding the claimant not disabled.   20 C.F.R. §
> 404.1512(e)(1).   *However,* an ALJ is not obligated to contact a treating
> physician where the evidence of record is adequate to determine whether
> an individual is disabled and does not contain a conflict or ambiguity that
> had to be resolved.   20 C.F.R. § 416.927(c)(3).

*Taylor v. Astrue*, Civil Action No. 5:09–CV–00146 (HL), 2010 WL 2197279, at *4 (M.D. Ga. June 1, 2010) (emphasis added); *see also Eaton v. Astrue*, No. 5:08–CV–137 (HL), 2010 WL 1257697, at *4 (M.D. Ga. Mar. 29, 2010) ("[W]ith regard to the assertion that the ALJ had an obligation to re-contact Dr. Bearden prior to rendering a decision, this argument is also without merit.   Such an obligation does not arise except in instances where the ALJ determines that the evidence of record is insufficient to decide the issue of disability.") (citing 20 C.F.R. § 404.1527(c)(3)).

In *Jay*, the plaintiff made the same argument, and the court, relying on *Couch v. Astrue*, 267 Fed. App'x 853 (11th Cir. Feb. 29, 2008) (per curiam), determined that where a matter lacks "an evidentiary gap requiring additional evidence or information from the treating physician," the ALJ is not obligated to re-contact that physician, *Jay*, 2010 WL 2305470, at *7 (discussing *Couch*, 267 Fed. App'x at 855-56).   Like in *Couch*, substantial evidence in this record—including Dr. Cranton's own records and the records of Dr. Bhadkamkar, another treating source—which the ALJ expressly cites to in her decision, supports her conclusion not to accord controlling weight to Dr. Cranton's mental RFC determination.   Further, "[t]here is no indication that plaintiff did not provide the ALJ with all of the records available from Dr. [Cranton]."   *Jay*, 2010 WL 2305470, at *7.

B.   The ALJ properly considered the effects of—including assessing the veracity of her complaints of pain caused by—the plaintiff's fibromyalgia and chronic pain syndrome on her ability to do work.

The plaintiff's second ground on appeal is that "the ALJ failed to properly consider the effects of [the plaintiff's] fibromyalgia and chronic pain syndrome[,]"

implying that the ALJ's decision failed to explain her credibility determination.   (Doc.

14 at 9-13.)

As this Court explained in *McMillian v. Astrue*, CA No. 11–00545–C, 2012 WL

1565624 (S.D. Ala. May 1, 2012):

> "[A] diagnosis of fibromyalgia does not automatically entitle [a claimant]
> to disability benefits; particularly so [ ] where there is substantial evidence
> to support the ALJ's determination that [the claimant's] fibromyalgia was
> either improving or, at worst, stable." *Vance v. Commissioner of Soc. Sec.*,
> 260 Fed. App'x 801, 806 (6th Cir. Jan. 15, 2008) (citing *Sarchet v. Chater*, 78
> F.3d 305, 306-07 (7th Cir. 1996) ("Some people may have a severe case of
> fibromyalgia as to be totally disabled from working . . . but most do not
> and the question is whether [claimant] is one of the minority.") (citations
> omitted)).   The task for the ALJ is to consider the plaintiff's work-related
> limitations due to fibromyalgia.   And this Court's role is limited to
> determining whether the ALJ's resultant findings are supported by
> substantial evidence.   *Davison*, 370 Fed. App'x at 996; *see, e.g., Harmon v.
> Astrue*, No. 5:09CV2765, 2011 WL 834138, at *4 (N.D. Ohio Feb. 8, 2011)
> (recommending that the Court find that substantial evidence supports the
> ALJ's decision where the ALJ considered the effects of fibromyalgia on the
> RFC, including "that there was little evidence of treatment for
> fibromyalgia, and neither [the] examining physician . . . nor Plaintiff's
> primary care physician [ ] indicated that Plaintiff ha[d] work related
> limitations due to fibromyalgia") (citing *Howard v. Commissioner of Soc.
> Sec.*, 276 F.3d 235, 240 (6th Cir. 2002) ("RFC is meant to describe the
> claimant's residual abilities or what a claimant can do, not what maladies
> a claimant suffers from")), *report & recommendation adopted*, 2011 WL
> 825710 (N.D. Ohio Mar. 4, 2011).

*Id.* at *9.

Relatedly, subjective complaints of pain, caused by fibromyalgia or otherwise,

"cannot in and of themselves serve as conclusive evidence of disability," *Petteway v.

Commissioner of Soc. Sec.*, 353 Fed. App'x 287, 288 (11th Cir. Nov. 18, 2009) (per curiam)

(quoting *Chester v. Bowen*, 792 F.2d 129, 132 (11th Cir. 1986)); there must also be

evidence "of a medical impairment which could reasonably be expected to produce

disabling pain," *id.*   Further,

> [i]n order to establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)).

When an ALJ rejects pain testimony, there must be an explanation of the rationale for finding a plaintiff not credible.   As one court explained, in the context of discussing the three-part pain standard first adopted in *Hand v. Bowen*, 793 F.2d 275 (11th Cir. 1986),

> [a]lthough *the Eleventh Circuit does not require an explicit finding as to a claimant's credibility*, the implication must be obvious to the reviewing court.   *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).   The credibility determination does not need to cite particular phrases or formulations but it cannot merely be a broad rejection which is not enough to enable the reviewing court to conclude that the ALJ considered the claimant's medical condition as a whole.   *Dyer*, 395 F.3d at 1210 (11th Cir. 2005) (internal quotations and citations omitted).

*Sharpe v. Astrue*, No. 5:07cv74/RS-MD, 2008 WL 1805436, at *6 (N.D. Fla. Apr. 15, 2008) (emphasis added).

> The Eleventh Circuit has[, moreover,] approved an ALJ's reference to and application of the standard set out in 20 C.F.R. § 404.1529 [or § 416.929], because that regulation "contains the same language regarding the subjective pain testimony that this court interpreted when initially establishing its three-part standard." *Wilson*, 284 F.3d at 1226.   Thus, failure to cite to an Eleventh Circuit standard is not reversible error so long as the ALJ applies the appropriate regulation.

*Id.*   Thus, "[a] clearly articulated credibility determination supported by substantial evidence will not be disturbed."   *Petteway*, 353 Fed. App'x at 289 (citing *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995)).

Here, the ALJ found the plaintiff's fibromyalgia to be a severe impairment (*see* R. 15), but concluded that, "while the record contains evidence of the existence of [fibromyalgia and other alleged] impairments, the objectively demonstrable evidence of record fails to support that the claimant is as impaired as she has alleged" (R. 18).   In making this assessment, the ALJ found it to be significant that no credible medical treating or consulting source found the plaintiff to be disabled because of any physical condition or from any resulting symptoms (R. 18) and gave the opinion of the plaintiff's treating physician, Dr. Bhadkamkar, "significant weight," finding "it extremely significant that the claimant has continuously complained of significant pain yet all of Dr. Bhadkamkar's examinations were essentially normal."   (R. 19; *see also* R. 237-239, 301, 308-310 (Dr. Bhadkamkar's treatment records, ranging from September, 2007 through December, 2009, noting that the plaintiff had diffuse tenderness and normal range of motion).)   *Compare id., with Jarvis v. Commissioner of Soc. Sec.*, Civil Action No. 2:07–cv–1178, 2009 WL 649655, at *14 (S.D. Ohio Mar. 9, 2009) ("The absence of a diagnosis of fibromyalgia by a specialist in rheumatology[5] and the presence of diffuse tenderness on clinical examination rather than significant tender points supports an administrative law judge's finding that the objective medical evidence does not support a claimant's complaints of disabling pain.") *and Simonin v. Astrue*, Civil Action No. 3:10–

---

[5]       There is no evidence that Dr. Bhadkamkar is a rheumatologist.   *Cf. Burroughs v. Massanari*, 156 F. Supp. 2d 1350, 1367 (N.D. Ga. 2001) ("Dr. McDuffie is a specialist in rheumatology and thus better qualified to diagnosis fibromyalgia and to gauge its effects on the individual than Dr. Hudgins, who specializes in internal medicine.") (citing 20 C.F.R. § 404.1527(d)(5) ("We generally give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist.")); *Aidinovski v. Apfel*, 27 F. Supp. 2d 1097, 1100 n.6 (N.D. Ill. 1998) (Rheumatology is "the 'relevant specialist' qualification for diagnosing and evaluating fibromyalgia[.]") (citing *Sarchet*, 78 F.3d at 307).

2808–JFA–JRM, 2012 WL 988049, at *7 (D.S.C. Feb. 27, 2012.) ("The ALJ's determination that Plaintiff's impairments limited her ability to perform more than a reduced range of light work is supported by substantial evidence and correct under controlling law. Fibromyalgia was specifically found by the ALJ to be a severe impairment that limited Plaintiff's RFC.   A diagnosis of fibromyalgia, however, is not disabling *per se*.   The ALJ specifically acknowledged that Plaintiff complained of diffuse tenderness and examination confirmed multiple trigger points.   He also, however, noted that Plaintiff's examination consistently revealed full range of motion of the joints and no synovitis . . . .") (internal citations and footnotes omitted), *report & recommendation adopted*, 2012 WL 988030 (D.S.C. Mar. 22, 2012).   Further, the ALJ (1) noted that "Dr. Bhadkamkar repeatedly made notations that the claimant had not completed the necessary paperwork to obtain her medications through the patient assistance program" and that "[t]he record clearly shows that the claimant's pain improved as long as she took the medication as prescribed"; (2) took into consideration the plaintiff's daily activities; and (3) concluded by noting that the plaintiff's claim of financial inability is not a valid excuse for her failure to seek treatment: such an excuse "is only justifiable cause for failure to follow the prescribed treatment when free community resources are unavailable," which is not the case here.   (R. 19.)   Thus, the Court cannot say that the ALJ's findings as to the work limitations caused by the plaintiff's fibromyalgia and chronic pain syndrome are not supported by substantial evidence.

Finally, the Court rejects any argument that the ALJ failed to follow the applicable pain standard.   The ALJ referenced the applicable standard, § 416.929 (*see* R. 17), and, moreover, "articulated [a] credibility determination supported by substantial

12

evidence," *Petteway*, 353 Fed. App'x at 289, leaving an "implication [that is] obvious to [this Court,]" *Sharpe*, 2008 WL 1805436, at *6; *see also Casiano v. Astrue*, No. 8:10–cv–196–T–TBM, 2011 WL 740531, at *5 & n.4 (M.D. Fla. Feb. 24, 2011) (rejecting argument that the record did not permit an ALJ's finding that the plaintiff was less than fully credible and determining that the ALJ applied the applicable pain standard where, "[i]n rejecting the claims for disabling symptoms, it [was] apparent that the ALJ drew chiefly upon the medical evidence which, upon her review, did not support the severity alleged"); *Minor v. Astrue*, No. CA 10–605–C, 2011 WL 2621069, at *3-4 (S.D. Ala. July 5, 2011) (rejecting argument that remand was necessary because the ALJ failed to follow the Eleventh Circuit's pain standard where, ***like here***, the ALJ expressly cited to § 416.929 and explained "why he concluded that plaintiff's pain allegations were not fully creditable").

## <u>Conclusion</u>

Because the Court finds that the ALJ properly considered both the mental RFC completed by the plaintiff's treating psychiatrist and the effects of—including assessing the veracity of her complaints of pain caused by—the plaintiff's fibromyalgia and chronic pain syndrome on her ability to do work, it is **ORDERED** that the decision of the Commissioner of Social Security denying the plaintiff benefits be **AFFIRMED**.

**DONE** this the 22nd day of August, 2012.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**